**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 23-cv-00304-NYW-KAS

LAUREN BERN a/k/a LAUREN BRITTON; and
JOSHUA BRITTON,

      Plaintiffs,

v.

HCA-HEALTHONE LLC, d/b/a SWEDISH MEDICAL CENTER;
RADIOLOGY IMAGING ASSOCIATES, P.C., d/b/a RIA NEUROVASCULAR a/k/a RIA
NEUROVASCULAR SURGICAL SERVICES, LLC;
MEDICAL IMAGING OF COLORADO LLC; and
RICHARD BELLON, MD,

      Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiffs' Motion to Compel a More Definite Answer

from Defendants Radiology Imaging Associates, P.C., Medical Imaging of Colorado, LLC, and

Richard Bellon, M.D. ("Motion to Compel" or "Motion").  [Doc. 24, filed April 13, 2023].  Upon

review of the Motion and the applicable law, for the reasons that follow, the Motion is respectfully

**DENIED**.

## BACKGROUND

This case arises from the allegedly deficient medical care that Plaintiff Lauren Bern a/k/a

Lauren Britton ("Ms. Bern") received, which caused her to sustain a stroke and ultimately resulted

in her suffering from continuing "locked-in" syndrome, a condition characterized by the complete

paralysis of all voluntary muscles in the body, save for those controlling eye movement, while

cognitive function remains intact.  *See* [Doc. 24 at 2]; [Doc. 1 at ¶ 104].  Ms. Bern and her husband,

Plaintiff Joshua Britton (collectively, "Plaintiffs"), have sued the various medical providers that, in their view, failed to provide Ms. Bern with adequate care, leading to her current neurologic impairment. *See generally* [Doc. 1]. Those Defendants include Radiology Imaging Associates, P.C. ("RIA"), Medical Imaging of Colorado, LLC ("MIC"), and Richard Bellon, M.D. ("Dr. Bellon" and, collectively, "RIA Defendants").[1]

In support of their claims against RIA Defendants, Plaintiffs set forth their factual allegations in 115 numbered paragraphs in their Complaint. [Doc. 1 at ¶¶ 1–115]. The RIA Defendants answered Plaintiffs' Complaint, [Doc. 21], and in doing so, provided the following responses to Plaintiffs' factual allegations:

> 3. Defendants RIA, MIC, and Dr. Bellon admit that Plaintiff Lauren Bern Received medical care from Dr. Bellon as is generally reflected in the medical records.
>
> 4. Regarding Plaintiffs' allegations that purport to cite to the medical records, the medical records speak for themselves. To the extent Plaintiffs' allegations are accurate statements from the medical records, Defendants RIA, MIC and Dr. Bellon admit them. However, Defendants RIA, MIC and Dr. Bellon deny the characterizations in Plaintiffs' Complaint about the records and the care provided, note that the citations to the record are not within proper context and are incomplete, and Defendants RIA, MIC and Dr. Bellon object to Plaintiffs' citation to certain records while omitting others. Other than to the extent that they may accurately reflect statements in the medical records, Defendants RIA, MIC and Dr. Bellon deny the allegations of paragraphs 9−115 affirmatively or for lack of sufficient information and for the above-stated reasons.
>
> 5. Regarding paragraphs 29–115, Defendant Dr. Bellon denies he was negligent in his care and treatment of Plaintiff Lauren Bern, denies he caused or contributed to Plaintiffs' claimed damages, and denies Plaintiffs' claimed injuries, damages, and losses. Defendants RIA and MIC deny they provided care and treatment to Lauren Bern. As entities and under the corporate practice of medicine doctrine, they cannot provide medical care and treatment and deny any and all allegations suggesting the contrary.

---

[1] Defendants also include HCA-HealthOne, LLC, d/b/a Swedish Medical Center ("Swedish"), which filed a separate Answer. [Doc. 25]. Plaintiffs have not challenged the sufficiency of Swedish's Answer.

> Also, assuming there would be a legal and factual basis to sue the Defendant corporate entities, which is denied, Defendant MIC is not a properly named Defendant. It is a joint venture relating to Sally Jobe Imaging centers, which centers had nothing to do with Ms. Bern's care in any way.

[Doc. 21 at ¶¶ 3–5].

Finding the RIA Defendants' responses to their allegations lacking, Plaintiffs filed the instant Motion to Compel. [Doc. 24]. The RIA Defendants have filed a Response in which they oppose the requested relief, [Doc. 27], and Plaintiffs have filed a Reply, [Doc. 32]. Accordingly, the matter is fully briefed and ripe for disposition.

## ANALYSIS

Plaintiffs ask this Court to order the RIA Defendants "to provide a more definite Answer, containing responsive, non-evasive, and specific admissions or denials" to the paragraphs setting forth "General Allegations" in Plaintiffs' Complaint. [Doc. 24 at 1]. Specifically, Plaintiffs argue that in answering the Complaint, the RIA Defendants failed to comply with Rule 8(b) of the Federal Rules of Civil Procedure,[2] which requires a defendant to respond to each allegation

---

[2] Although the Parties, at times, cite to the parallel Rule 8(b) of the Colorado Rules of Civil Procedure, *see, e.g.*, [Doc. 26 at 2 ("Plaintiffs now assert that Defendants' Answer is insufficient under Colorado law . . . .")]; [Doc. 32 at 8 (invoking Rule 8(b) of the Colorado Rules of Civil Procedure)], the Court observes that in diversity cases, like this one, "the *Erie* doctrine instructs that federal courts must apply state substantive law and federal procedural law." *Racher v. Westlake Nursing Home Ltd. P'Ship*, 871 F.3d 1152, 1162 (10th Cir. 2017). The Tenth Circuit has explained that "[i]f a federal rule of civil procedure answers the question in dispute, that rule governs our decision so long as it does not exceed statutory authorization or Congress's rulemaking power." *Id.* (cleaned up).

"Where then, as here, a federal procedural rule governs the question at issue, that rule controls—notwithstanding state law—so long as the federal rule is a valid exercise of authority given to the Supreme Court to enact federal rules of civil procedure pursuant to the Rules Enabling Act, 28 U.S.C. § 2072." *Id.* at 1163–64 (internal quotation marks omitted). Here, the Court finds that Rule 8(b) of the Federal Rules of Civil Procedure—a rule that merely concerns the manner of pleading and, in doing so, does not "abridge, enlarge or modify a substantive right," *see* 28 U.S.C. § 2072(b)—is a valid exercise of the rulemaking authority granted by Congress to the Supreme Court pursuant to the Rules Enabling Act. *Cf. Ipock v. Manor Care of Tulsa OK, LLC*, 274 F. Supp. 1249, 1255 (N.D. Okla. 2017) (finding that Rule 8 of the Federal Rules of Civil Procedure

asserted against it with an admission, denial, or statement that the defendant lacks knowledge or information sufficient to form a belief about the allegation's truth, which has the effect of a denial. *See* Fed. R. Civ. P. 8(b)(1), (5); *see also Kassa v. Plans Admin. Comm. of Citigroup, Inc.*, No. CIV 10-0933 JB/ACT, 2011 WL 13289818, at *3 (D. Colo. Apr. 27, 2011). Instead, Plaintiffs contend, the RIA Defendants impermissibly "deflect[] to the medical records," [Doc. 24 at 4], by stating that "the medical records speak for themselves" and by admitting to Plaintiffs' allegations only "to the extent that they may accurately reflect statements in the medical records," [Doc. 21 at ¶ 4]. Additionally, Plaintiffs take issue with the RIA Defendants' attempt to respond to Plaintiffs' "factual allegations" with what appear to be legal arguments. *See* [Doc. 24 at 6 (citing [Doc. 21 at ¶ 5]) (emphasis omitted)].

At the outset, the Court observes that Rule 8 provides no explicit mechanism for compelling a more definite answer from the RIA Defendants.[3] *See Christensen Bldg. Grp., LLC v. Nuclear Waste P'ship LLC*, No. 20-1288 JCH/GBW, 2021 WL 4147720, at *2 (D.N.M. Apr. 2, 2021). Nor may a party obtain such relief through a "motion for a more definite statement" pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. By its terms, Rule 12(e) permits a party to "move for a more definite statement of a pleading *to which a responsive pleading is allowed* but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (emphasis added). Because a plaintiff may only respond to an answer when

---

was valid under the Rules Enabling Act as it "set[s] out requirements for how parties must present their claims and defenses, not what law will apply to those claims and defenses"). Therefore, the Court concludes that Rule 8(b) of the Federal Rules of Civil Procedure, not the Colorado Rules of Civil Procedure, controls.

[3] Nor does Rule 1 of the Federal Rules of Civil Procedure—the other provision invoked by Plaintiffs, *see* [Doc. 24 at 3–4]—explicitly authorize the remedy Plaintiffs seek. Rule 1 merely sets forth the "scope and purpose" of the Federal Rules and directs that "they should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

authorized to do so by court order, when, as here, a plaintiff has not requested leave to reply to a defendant's answer and the court has not granted such leave sua sponte, the answer is not a pleading to which a responsive pleading is allowed under Rule 12(e). *See Ross v. Sharp One, Inc.*, No. 19-2293-KHV, 2019 WL 5188673, at *3 (D. Kan. Oct. 15, 2019) (citing Fed. R. Civ. P. 7(a)(7)); *see also Martinez v. Naranjo*, 328 F.R.D. 581, 597 (D.N.M. 2018) (collecting cases). Nevertheless, faced with similar requests, district courts have used "alternative vehicles" to cure defective answers, such as ordering defendants to amend their answers as an alternative to the more drastic remedy of striking the pleading and deeming the corresponding allegations admitted. *Christensen*, 2021 WL 4147720, at *2 (collecting cases).

The Court here finds that the RIA Defendants' Answer minimally complies with the requirements of Rule 8(b). Although Rule 8(b) directs defendants to "admit or deny the allegations asserted against [them] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), a defendant may, in good faith, meet this requirement by "generally deny[ing] all [allegations] except those specifically admitted," Fed. R. Civ. P. 8(b)(3); *see also Kassa*, 2011 WL 13289818, at *4. To be sure, the RIA Defendants' statement that the "medical records speak for themselves" is not a response permitted by Rule 8(b), *see Christensen Bldg. Grp., LLC*, 2021 WL 4147720, at *3, and their purported admission of any allegations that accurately reflect the medical records, *see* [Doc. 21 at ¶ 3], is likely too vague to be responsive. But the RIA Defendants' general denial of "the allegations of paragraphs 9–115," [Doc. 21 at ¶ 3], is sufficient to deny all allegations except those specifically admitted. *See, e.g.*, *Vreeland v. First Savings Bank*, No. 15-cv-0993 LAM/SMV, 2016 WL 3460761, at *2 (D.N.M. Feb. 5, 2016) ("[A] defendant's general denial is sufficient to deny all allegations that are not specifically admitted."); *Lane v. Page*, 272 F.R.D. 581, 603 (D.N.M. 2011). And the effect of this general denial is not negated by the RIA Defendants' responses to some

allegations in the Complaint, even if those "specific responses were insufficient." *Id.* (quoting *N. New Mexicans Protecting Land Water & Rights v. United States*, No. CIV 15–0559 JB/LF, 2015 WL 8329509, at \*11 (D.N.M. Dec. 4, 2015) ("[E]ven if the Defendants' specific responses were insufficient, a defendant's 'boilerplate' general denial is sufficient to deny all of the allegations.'")).  Thus, the Court finds that the RIA Defendants' general denial "is sufficient to satisfy the pleading requirements of Rule 8(b), as it fills in the gaps in Defendant[s'] specific responses." *Christensen Blg. Grp., LLC*, 2021 WL 4147720, at \*3.  To the extent that Plaintiffs seek specific information and/or admissions regarding various factual assertions, they may avail themselves of the appropriate discovery vehicles pursuant to the Federal Rules of Civil Procedure.

Accordingly, the Court respectfully **DENIES** Plaintiffs' Motion to Compel, [Doc. 24].

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     The Motion to Compel a More Definite Answer from Defendants Radiology Imaging Associates, P.C., Medical Imaging of Colorado, LLC, and Richard Bellon, M.D., [Doc. 24], is **DENIED**.

DATED:  October 6, 2023                                 BY THE COURT:

_____

Nina Y. Wang
United States District Judge

6